**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 23, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 04-50713

———————————

TIM MCCOY AND ASSOCIATES INC. doing business as, Neat Management
Group

        Plaintiff - Counter Defendant - Appellee

versus

NATIONAL STATES INSURANCE CO.

        Defendant - Counter Claimant - Appellant

--------------------
Appeal from the United States District Court
for the Western District of Texas, Austin
1:03-CV-433-LY
--------------------

Before GARWOOD, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Appellant National States Insurance Co. ("National States")
appeals the district court's denial of its motion for summary
judgment and the district court's grant of Appellee Tim McCoy and
Associates, Inc. d/b/a NEAT Management Group's ("McCoy") motion
for summary judgment.  After considering the record and the
parties' briefs and arguments on appeal, we affirm the district
court's judgment, principally for the reasons set forth in the

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

district court's good and well-reasoned opinion.

This action arises out of a dispute over the interpretation of a contract between McCoy and National States. McCoy develops and markets several different insurance products for various carriers through independent agents specifically recruited by McCoy. National States is an insurance company that sells life, health, and accident insurance policies. On June 11, 1991, National States entered into a General Agent's Contract (the "Contract") with McCoy for McCoy to recruit independent agents to market National States' Final Expense insurance product to consumers.

Pursuant to the terms of the Contract, McCoy was to recruit individual agents who would enter into Managing General Agreements with National States to solicit applications for National States' insurance policies. Upon receipt of premiums paid for policies issued through the agents recruited by McCoy, National States paid McCoy "override" commissions for the difference between the amount of commission that National States was obligated to pay McCoy and the amount of commission that National States was obligated to pay its insurance agents. Under the terms of the Contract, National States would continue to pay commissions to McCoy as premiums were paid on policies that were renewed ("renewal commissions").

On or about April 23, 2003, McCoy sent a letter to National States' president, Thomas Green, informing National States that

2

due to declining commissions from sales of existing products, McCoy was developing other insurance products through other carriers to compensate for its losses.

National States responded by letter dated April 25, 2003, terminating the Contract with McCoy and instructing McCoy to refrain from contacting any of National States' agents "in an effort to influence them to write business with [McCoy's] new carrier in place of National States." National States also discontinued payment of McCoy's renewal commissions, which totaled roughly $160,000 per month.

On May 14, 2003, McCoy filed suit against National States in Texas state court seeking a declaratory judgment that 1) the Contract does not prohibit McCoy from entering into new contracts to market similar products through an agency field force which includes independent agents recruited by McCoy and currently contracted with National States; and 2) National States is required to pay McCoy's renewal commissions pursuant to the terms of the Contract. National States filed a counterclaim seeking a declaratory judgment that 1) McCoy may not contact any agents currently with National States in an effort to influence them to write business with other carriers in place of National States; and 2) to do so forfeits the obligation of National States to pay renewal commissions pursuant to the terms of the Contract. National States removed the case to federal court on June 30, 2003.

3

The parties filed cross motions for summary judgment in September and October 2003.

On April 28, 2004, the district court granted McCoy's Motion for Summary Judgment and denied National States' Counter Motion for Summary Judgment. The district court found that McCoy did not violate the terms of the Contract and that National States was required to pay McCoy the disputed renewal commissions. After the district court denied National States' Motion for Reconsideration, this appeal followed.

## DISCUSSION

We review a district court's grant of summary judgment *de novo*. *Facility Ins. Corp. v. Employers Ins. of Wausau*, 357 F.3d 508, 512 (5th Cir. 2004). Summary judgment is appropriate if there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

We agree with the district court's determination that McCoy did not violate the terms of the Contract. Although it has been advanced that McCoy could have breached the Contract by merely harming National States' business, the Contract actually requires "interference." We agree with the district court's determination that there was no actionable interference in this case.

Additionally, the Contract allowed National States to terminate the Contract for cause if McCoy did "anything toward

4

inducing or influencing agents of [National States] to leave its service." If the Contract had been terminated for cause, then National States would not have had to continue paying renewal commissions to McCoy. We agree with the district court that McCoy did not violate the terms of the Contract by offering independent agents the opportunity to sell the products of other insurance companies. By doing so, McCoy did not induce or influence agents to actually leave National States' service. The independent agents were at all times free to sell competing insurance policies, so McCoy did not induce or influence them to leave National States' service by providing them with an alternative product that they could sell.

Because we find that McCoy did not breach the Contract, we agree with the district court's conclusion that National States must continue to pay renewal commissions to McCoy.

For the foregoing reasons, the district court's judgment is in all things AFFIRMED.